**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **STACY LYNN DAVIS,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-511-A |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Stacy Lynn Davis, TDCJ # 1189292, is a state prisoner who was incarcerated in a prerelease facility of the Texas Department of Criminal Justice, Correctional Institutions Division, in Mineral Wells, Texas, at the time of the filing of this petition. Davis is no longer confined.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C.    PROCEDURAL HISTORY**

Davis was serving two concurrent 3-year sentences for violation of a protective order in the 5th District Court of Dallas County, Texas. (Resp't Answer, Exhibit A) Davis filed this petition in August 2008, in which she challenges TDCJ's denial of her release to parole and/or mandatory supervision. On April 23, 2009, Davis was released to mandatory supervision.[1] As of this date, she has not notified this court of her change of address.

**D.    DISCUSSION**

Davis's claim that she is entitled to immediate release on parole and/or mandatory supervision is now moot in that she has in fact been released on mandatory supervision. Because this court can no longer provide her with the relief she seeks, dismissal of this petition is appropriate as moot. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987); *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

## II.  RECOMMENDATION

It is recommended Davis's petition for writ of habeas corpus be **DISMISSED** as moot.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

---

[1] Davis's release date was confirmed via telephonic communication with TDCJ on this date.

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 21, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 21, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 30, 2009.

 /s/   Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE